Pat A. SCARTH, Petitioner,

v.

Colonel Albert J. GERACI, U. S. A. Professor of Military Science Army ROTC, Texas Tech University, Lubbock, Texas, et al., Respondents.

Civ. A. No. 5–74–93.

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 9, 1974.

John T. Montford, Lubbock, Tex., for petitioner.

Frank D. McCown, U. S. Atty., by Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., Alvin L. Thomas, Captain JAGC, United States Air Force, for respondents.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

Pat A. Scarth, Petitioner, enrolled in Texas Tech University in August, 1969, seeking a degree in agricultural engineering. On August 30, 1971, Petitioner executed a contract for participation in the Advanced Course Army Reserve Officers Training Corps (ROTC) which, if satisfactorily completed by a physically qualified student, could result in the participant receiving an Army Commission upon graduation. Petitioner satisfactorily completed all of the course requirements promulgated by the ROTC Program precedent to his commissioning as a Second Lieutenant in the United States Army. On February 8, 1974, after he had completed the course requirements for commissioning, but prior to receiving his engineering degree, he underwent a pre-commissioning physical examination at Reese Air Force Base, Texas. The results of the hearing portion of the examination reflected a severe loss in hearing which indicated his physical disqualification for commission. Petitioner, responding to interrogation by Major LaRue, an officer on active duty attached to the military science department at Texas Tech University, admitted that he had "faked the hearing portion of the examination". That officer recommended that he take the test again, which Petitioner satisfactorily completed on that same date.

On March 20, 1974, the Army convened an investigating board pursuant to Army Regulation 145-1, paragraph 3-25, and Army Regulation 15-6, paragraph 3, for the purpose of determining the suitability for retention of Petitioner in the ROTC Program. Major George T. Kimbro (now Lieutenant Colonel Kimbro) was appointed Investigating Officer who notified Petitioner by letter dated March 26, 1974, that he had been appointed to investigate and determine the suitability of Petitioner for retention in the Army ROTC Program.[1]

1. Letter dated March 26, 1974:
Mr. Pat A. Scarth
2232 Auburn, # 90
Lubbock, Texas 79415
Dear Mr. Scarth:
Under the provisions of paragraph 6, AR 15-6 and paragraph 3-25, AR 145-1, an Investigating Officer has been appointed to investigate and determine your suitability for retention in the Army ROTC program.
The Investigating Officer may recommend that: you be retained in the ROTC program, that you should be disenrolled from the program for reasons other than willfully evading the terms of your ROTC contract, or that you be disenrolled from the program for reasons which indicate that you willfully evaded the terms of your contract and that you should or should not be ordered to active duty in your Reserve enlisted grade for two or four years, as appropriate.
Unless you request additional time, a hearing will be held at 1 p. m., 5 April 1974 in

Room 10, Social Science Building, Texas Tech University, Lubbock, Texas.
You are entitled to military or civilian counsel, if you so desire; however, civilian counsel will be provided at your own expense. I will endeavor to arrange for the presence of any available witnesses desired by yourself. It is anticipated that Majors Lowell G. LaRue and James W. Smith, and Captains Robert W. Spencer and E. G. Fish II, Texas Tech ROTC Department, and the non-commissioned officer at the USAF Hospital, Reese Air Force Base, Texas 79489, that administered the hearing test for your Army Commission Physical Examination, will appear as witnesses.
GEORGE T. KIMBRO
MAJ. CE
Investigating Officer
I certify that I dispatched the original copy of this letter to Pat A. Scarth on 26 March 1974, by certified mail.
/S/ George T. Kimbro

Upon Petitioner's request that military counsel be provided him, Major Fred E. Lyssy, a non-lawyer Army officer, was appointed as counsel for Petitioner. On April 5, 1974, the board convened with Major Kimbro its only member, and with Petitioner, his non-lawyer appointed counsel, and the witnesses for and against him being the only other persons in attendance. A transcript of the testimony at the board hearing was prepared and has been filed in this proceeding. After hearing the testimony, Major Kimbro filed his findings and recommendation that Petitioner be ordered to active duty for a period of two years at his enlisted rate, the findings and recommendations were approved by higher Army authority, and on July 15, 1974, orders issued to Petitioner, directing him to report to the United States Army Infantry and Training Center at Fort Polk, Louisiana, by 1200 hours on August 19, 1974, for active duty with the United States Army for a period of two years.

Petitioner did not report for duty as ordered, but on August 16, 1974, he filed application for writ of habeas corpus in this court, seeking temporary and permanent injunctions against the United States Army. He contended that he was denied due process by the United States Army in that he was denied effective assistance of legal counsel, he was not sufficiently informed of the nature and cause of the accusations made against him, and that the United States Army had no authority to order him to active duty in his enlisted rate for a period of two years.

■ This court's first consideration is to determine whether any jurisdiction exists to entertain Petitioner's application. First, orderly government requires the Federal Courts to tread lightly on the military domain, with scrupulous regard for the power and authority of the military establishment to govern its own affairs within the broad confines of constitutional due process. Hagopian v. Knowlton, 2nd Cir. 1972, 470 F.2d 201. Next, the issue exists as to

precisely where Petitioner is "in custody". Finally, he has not reported to active duty as ordered and the Federal Courts have, on many occasions, taken the position that they will not entertain similar applications until Petitioner has reported for duty in accordance with the orders. This court pretermits the latter consideration and makes its determination to deny the relief sought on other grounds.

This court entered order on August 22, 1974, restraining Respondents from removing Petitioner from the jurisdiction of this court, and on September 30, 1974, conducted a full hearing on Petitioner's application for injunction.

■ Petitioner is domiciled in the Lubbock Division of the Northern District of Texas, he attended Texas Tech University and participated in ROTC training in this division, the hearing which led to his being ordered to active duty was conducted in this division, and all of his contacts with the Army which are germane to the application occurred in this division. Petitioner is "in custody" in the Lubbock Division of the Northern District of Texas for habeas purposes. Strait v. Laird, 1972, 406 U. S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141.

Petitioner first contends that he was denied effective assistance of counsel throughout the investigative proceedings and at the hearing and that he was misled into believing that he could have military legal counsel appointed to represent him. The uncontroverted testimony in the record reflects that there is no licensed lawyer attached to the United States Army ROTC Program at Texas Tech University and that the officer who was appointed to represent Petitioner, Major Fred E. Lyssy, was not a licensed lawyer and had no formal legal training. The record also reflects that after Major Kimbro was appointed Investigating Officer, he contacted Petitioner, advised him as to the fact of his appointment, told him that he had the right to retain civilian counsel or that he could have military counsel. Petitioner requested military counsel. At

Major Kimbro's recommendation, Petitioner contacted the civilian attorney who is hired by Texas Tech University to represent the interests of the students. The attorney indicated that he was disqualified from representing Petitioner in this type hearing. Major Kimbro then contacted the Staff Judge Advocate at Reese Air Force Base, Texas, and inquired if an attorney from the Air Force could represent Petitioner at the hearing. Apparently, Staff Judge Advocate declined for the reason that under Air Force Regulations it could represent only military personnel or their dependents and since Petitioner was not a dependent of one in the military he was not eligible for representation from that source. Staff Judge Advocate did offer, however, to consult with Petitioner and with appointed counsel and to advise them generally as to the nature of the proceedings. This offer was accepted by Petitioner and by appointed counsel and on at least one occasion prior to the hearing they consulted with the Staff Advocate General's Section at Reese Air Force Base, Texas. Major Kimbro appeared to have diligently sought legally trained counsel for Petitioner.

▮ Petitioner testified at the hearing in this court that he interpreted Major Kimbro's letter of March 26, 1974, as advising him that he was entitled to an appointed military lawyer. The first time that he realized that he could not get a military lawyer was in the second telephone conversation with Major Kim-bro which was sometime during the weekend prior to the hearing on Friday, April 5, 1974, approximately one week prior to the hearing. He testified that he did not think the case was a "big deal" so he was satisfied with Major Lyssy, the appointed counsel. He testified at the hearing in this court that he flunked the hearing test deliberately because he was disillusioned with the United States Army and felt it would be a hindrance to his career. He could not isolate anything that transpired at the board hearing on April 5, 1974, that he would have had conducted differently. Paragraph 8 of Army Regulations 15–6, effective February 1, 1971, is applicable to Petitioner's contentions. It provides that one under investigation may have counsel. If requested military counsel is unavailable, other military counsel will be provided, if requested. Unless the specific statute or regulation under which the Investigating Officer is appointed so provides, appointed counsel is not required to be legally qualified. In this particular case, legally qualified counsel was not required by the regulation.[2] Legally qualified counsel for this type hearing is required by neither the Army Regulations nor the Constitution. In any event, this court finds that Petitioner requested and was appointed military counsel, that counsel was not legally qualified, that Petitioner knew that counsel was not legally qualified and that Petitioner knowingly and voluntarily waived any right that he had, if any such right existed, to legally qualified counsel.

2. Army Regulation C–1, 15–6: Individual Entitled to Counsel.

An individual under investigation may have counsel. Any military member requested by members of the Army and civilian employees of the Department of the Army or its instrumentalities will be appointed as counsel if reasonably available. A decision by the appointing authority as to availability is final. If requested military counsel is unavailable, other military counsel will be provided, if requested. Unless the specific statute or regulation under which the Investigating Officer or board of officers is appointed so provides, appointed counsel is not required to be legally qualified. Government civilian employees may voluntarily act as counsel for another civilian employee or military member, if such services are rendered gratuitously, while on leave, or subsequent to normal hours of employment, and do not conflict with regular duties. Section 18 U. S.C. 205. Civilian counsel will not be provided at government expense in any case. Appointed counsel will not be furnished individuals who are not military members or civilian employees. Personnel under investigation will, to the extent permitted by security classification, be permitted to have their civilian counsel present at all open sessions.

Petitioner next contends that he was not sufficiently advised as to the nature of the proceedings or the allegations made against him in violation of his due process rights because the letter of March 26, 1974, did not inform him as to the specific matter to be investigated as required by Army Regulation 15–6, Section 1, paragraph 6. The challenged letter did not specifically state that the board was going to consider the faked hearing examination as being a willful evasion of the ROTC contract. The letter did advise Petitioner that the witnesses anticipated to be called at the hearing included the non-commissioned officer at Reese Air Force Base, Texas, who administered the hearing test for the Army Commission Physical Examination. Petitioner had prepared an unsworn, typewritten statement which was introduced at the challenged hearing. In that statement, Petitioner explained that "my act of attempting to try to fail the *physical exam in question* was one way I could see of getting out of the corner I am in". (emphasis added) The testimony at the hearing in this court reflected that Petitioner knew from the beginning the precise matters which were to be considered at the investigation hearing. Petitioner was adequately advised of the nature of the proceedings, the specific matters to be considered, and the sanctions which could be imposed if the findings of the Investigating Officer supported conclusions that Petitioner willfully evaded the terms of the contract.

Petitioner's third contention is that he fulfilled his part of the contract with the United States Army and is therefore entitled to receive his commission as a Second Lieutenant and that in any event the United States Army does not have contracted authority to order him to active duty for two years at an enlisted rate. The thrust of Petitioner's challenge is that there is no evidence that he executed the "Acknowledgment of Understanding of Service Requirements" which states: "If as a result of willful evasion of the terms of my advanced course contract I do not complete the senior Reserve Officers Training Program of instruction and decline to accept a commission when offered, I may be ordered to active duty in my enlisted grade for not more than two years." The regulations [3] provide for that alternative and by accepting the benefits of the ROTC Program, Petitioner was bound by the regulations.

Petitioner was not denied due process, was not deprived of any constitutional right, and is not entitled to the writ of habeas corpus.

It is, therefore, ordered by the Court that Petitioner's application for writ of habeas corpus be, and it is hereby, denied and dismissed.

The stay orders heretofore entered by the Court are dissolved effective October 15, 1974, at 12:00 o'clock noon.

---

3. Army Regulation 145–1, Paragraph 3–25.